**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ALLEN L. HUGHES | § | |
| | § | |
| V. | § | CASE NO. 4:10cv141 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Supplemental Security Income ("SSI"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on February 20, 2007, claiming entitlement to disability benefits due severe back and leg pain. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on June 18, 2009. Plaintiff was represented by a non-attorney representative at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Jennifer L. Sullivan, testified.

On August 11, 2009, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on February 2, 2010. Therefore, the August 11, 2009 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since June 5, 2006, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

3. The claimant has the following severe impairments: back and leg pain (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except he can occasionally stoop, crouch, crawl, kneel, balance, and climb stairs. However, he can never climb ladders.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on February 6, 1961 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 C.F.R. § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. § 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 5, 2006 through the date of this decision (20 C.F.R. § 404.1520(g)).

(T.R. 11-16).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

# SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## ANALYSIS

Plaintiff first complains that the ALJ failed to follow the treating physician rule. Dr. Marks filled out a questionnaire (T.R. 300-302) which Plaintiff states the ALJ should have accepted. If accepted, Plaintiff would not be able to perform sedentary work given the restrictions adopted by the ALJ. The ALJ does not reject the opinion of Dr. Marks but gives it little weight. In the Fifth Circuit,

> [The opinion of a treating physician] may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.

*Newton,* 209 F.3d at 455-56 (citation omitted); *see also Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995). "In determining whether to give a treating physician's opinion controlling weight, the ALJ must look to whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with...other substantial evidence.'" (quoting 20 C.F.R. § 404.1527(d)(2))). "[A]lthough the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987) (quotation omitted).

The ALJ specifically states that Dr. Mark's opinion is not supported by the doctor's own records and not supported by other notes in the record. As noted in the records of Dr. Marks, the EMG performed by Dr. Nosnik on the right lower extremity was basically normal (T.R. 307). Although Plaintiff claims that the ALJ attributes this record to Dr. Marks, even if so, under the facts of this case such error is harmless. The record was included in the packet of materials from Dr. Marks. It was a part of Dr. Marks' records. No evidence of lower radiculopathy was demonstrated

5

according to Dr. Nosnik's notes (T.R. 311). The ALJ also notes that Dr. Marks' exam in February 2007 noted an improvement in Plaintiff's condition. Therefore, any error in attributing the EMG to Dr. Marks is harmless. *See Cary v. Apfel*, 230 F.3d 131,143 (5th. Cir. 2000).

An MRI performed in October 2007 demonstrated mild to minimal disc bulging but no spinal stenosis (narrowing) at L1-L5-S1 (T.R. 425-426). Dr. Bercher noted that he takes about five tabs of hydrocodone a week (T.R. 427). As late as April 2008, Dr. Cable notes that he takes only a couple of hydrocodone a month (T.R. 446). Dr. Rashbaum in his treatment notes that, if his pain is under control, Plaintiff would not be considered totally and permanently disabled for all occupations (T.R. 448).

The ALJ noted that his back pain was severe. However, the ALJ reviewed all the records and cited his reasons for finding that Plaintiff was not disabled as defined under the Act. There is substantial evidence to support the ALJ's thorough analysis.

Plaintiff also contends that the ALJ failed to adequately address the limiting effects of the pain caused by Plaintiff's back pain. A claimant's testimony of pain is insufficient to establish disability. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). The ALJ's assessment of the disabling nature of a claimant's pain is due considerable deference. *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ gave his reasons for concluding that Plaintiff's reporting of severe pain limited him from doing much of anything. The ALJ cited to the records of Dr. Marks and Dr. Fortenberry, as well as those of Doctors Rashbaum and Bercer. As noted, there is no indication in the records of severe and intractable pain. Further, the ALJ notes that Plaintiff is taking only five tablets of hydrocodone a week. The ALJ acknowledges that Plaintiff does experience discomfort but the ALJ notes that his

6

reporting is only moderate symptoms. He notes that many of the markers associated with severe pain are not seen in Plaintiff. Credibility determinations are entitled to great deference. *See Newton v. Apfel*, 209 F.3d 448,459 (5th Cir. 2000). The ALJ's credibility determination is supported by substantial evidence.

The last point of error is that the ALJ did not assess Plaintiff's work history in determining credibility. Plaintiff cites to a number of cases not in the Fifth Circuit in his brief. The ALJ does recite Plaintiff's past work history in making his determination. The ALJ's focus is not on Plaintiff's credibility. In fact, the ALJ notes that Plaintiff undoubtedly experiences some discomfort from his severe impairment. The focus is on the degree of pain. To this, the ALJ refers to the objective medical evidence. The ALJ finds that even Plaintiff's ability to perform sedentary work is limited and incorporates this in his decision. It is unlikely the ALJ would have reached a different result had he taken into consideration the fact that Plaintiff had an exemplary work history.

Even if he were required to consider the work history as a separate consideration, any failure to do so under the facts of this case would be harmless error. *See Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003). Prior work history is not specifically mentioned in 20 C.F.R. § 404.1529 but efforts to work is. Nevertheless, the ALJ is not required to mechanically follow every guiding regulatory factor in articulating reasons for weighing credibility. *See Clary v. Barnhart*, 214 Fed. Appx. 479 (5th Cir. 2007).

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

**SIGNED this 26th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).